## NULL v GUILLIAMS

Ohio Appeals, 9th Dist, Summit Co

No 2820. Decided Sept 24, 1936

Irwin D. Allen, Akron, for appellee.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellant.

## OPINION

By FUNK, PJ.

This action grows out of a written contract entered into by plaintiff and defendant, the provisions of which contract material to the issues in this case are as follows:

"In consideration of the sum of One Dollar ($1) to me paid, receipt of which is hereby acknowledged, and for the further consideration of my employment by Glenn's Spring Dairy, in the capacity of driver, solicitor and collector for milk on what is known as route No. 1, situated within the following described territory within the County of Summit, to-wit:

"I further agree to and with said Glenn's Spring Dairy, during the time of my employment, to devote all my time and best efforts to the business of said company on said route, or on any other route which may be assigned to me during my employment and agree to thoroughly canvass such route for further dairy business thereon and further agree that on the termination of my employment with said company, I will not, within a period of 12 months, either directly or indirectly, on my own account or as agent and employee of another engage in the dairy business or in the business of soliciting dairy business within the territory above, within the said period of time, 12 months, engage in any dairy business with or furnish any dairy services to any present customers of said Glenn's Spring Dairy, or to any customer which shall be secured by me during the time of my employment with said company.

"* * *

"In further consideration of said company agreeing to give me fifteen days notice of the termination of my employment, I agree that in the event I shall desire to terminate my employment with said company, I will give to said company fifteen days notice in writing of my intention so to do, and agree that in the said fifteen-day period I will at the request of said company furnish to my successor on said route all necessary information and instructions to enable him to properly represent said company thereon."

The evidence shows that defendant was working on said route No. 1 for some months before said written contract was entered into in January, 1934; that defendant was injured in February, 1934, and was unable to work for some weeks and that on his return to work he was assigned to route No. 2, where he worked for plaintiff until June, 1936, being nearly two years, and that both plaintiff and defendant knew what territory constituted said routes No. 1 and No. 2 (route No. 1 being in Barberton and route No. 2 in Akron); and that plaintiff had milk routes both in Akron and outside of Akron which he operated under the trade name of "Glenn's Spring Dairy."

The evidence further shows that plaintiff was contemplating the sale of his milk routes in the city of Akron, and had a meeting with the drivers of such routes, including the defendant, at the home of the plaintiff on June 11, 1936; that they all went together on that same day to confer with the proposed purchaser of said routes;

that said purchaser stated in the presence of all of them that he did not want to purchase the routes unless the drivers would agree to continue to work for him; that the drivers of the other routes in Akron consented to such arrangement, and on June 13, 1936, began to deliver milk furnished by plaintiff for said proposed purchaser on a trial basis; that defendant took the matter under advisement but drove his route only one day, to-wit, June 13, 1936, while he had the matter under consideration, and then notified the proposed purchaser that he would not work for him, but did not notify plaintiff of his decision and did not thereafter see plaintiff until after the commencement of this action; that by reason of defendant's refusal to work said route No. 2 for said proposed purchaser, said proposed purchaser did not take over said route No. 2, which had been driven by defendant, and plaintiff had to continue the route himself with another employe, and was so operating it at the time of the trial below.

The evidence further shows that, either on that same day or the next day after he had notified said proposed purchaser that he (defendant) would not drive said route No. 2 for him, said defendant proceeded to solicit milk customers along said route No. 2 in an attempt to establish a milk route for himself, or for a dairy other than that of plaintiff or said proposed purshaser, and for whom he proposed to work.

While defendant was thus soliciting milk customers, plaintiff, on June 15, 1936, filed his petition in this case in the Common Pleas Court, in which he alleged, in substance, that defendant had left the employ of plaintiff without notice, and was soliciting dairy business from many of plaintiff's customers on the route or routes defendant had been serving while in the employ of plaintiff, in violation of the terms of said contract, the pertinent parts of which were set forth in the petition, and asked that defendant be enjoined for the period of 12 months from such soliciting in said territory, and for other relief.

A temporary injunction was granted on the filing of the petition, and the matter then came on for hearing on motion of defendant to dissolve said temporary injunction, when, by agreement of counsel, the cause was heard on its merits.

The court found in favor of plaintiff and ordered the temporary injunction made permanent, and further found "that the words 'route' and 'territory,' as used in plaintiff's petition, mean those streets over

which the defendant traveled while serving the customers on routes No. 1 and No. 2 of Glenn's Spring Dairy." That entry was filed July 14, 1936. On the next day plaintiff filed an affidavit for a citation of defendant for contempt of court for violating said order, and on the same day, July 15, 1936, defendant, by his attorneys, filed notice of appeal to this court on questions of law and fact.

Thereafter, on July 20, 1936, an affidavit, and a motion for citation for contempt of court, were filed in this court, and on July 24, 1936, they were served on defendant.

On July 21, 1936, defendant filed a motion to suspend said injunction, "or, in the alternative, for an order clarifying and modifying said injunction."

This cause having come on for hearing on said respective motions, was by consent of counsel submitted to this court on the merits of the case on the transcript of the docket and journal entries and the testimony taken in the court below, together with the exhibits offered in that court.

Defendant claims that plaintiff is not entitled to the injunction sought by plaintiff for three reasons:

First, because the contract is indefinite in that it does not designate and describe the streets or parts of streets covered by route No. 1.

While the agreement to operate "what is known as route No. 1 * * * within the County of Summit" is indefinite, We think it is sufficient to permit the streets or parts of streets covered by that route to be supplied by parol testimony, especially since the evidence clearly shows that defendant had been operating that route for months before the contract was signed, and that both parties knew just what territory was covered by it. We therefore hold that this contention is not well taken.

Second, because, even if it be found that plaintiff is entitled to relief, it should be confined to the customers served by defendant while in the employ of plaintiff on route No. 1 only, and not to any other persons along the line of route No. 1, or to any one at all on or along route No. 2, which was the route upon which defendant was operating at the time he ceased working for plaintiff; because route No. 2 was not specially mentioned in the contract, although the contract, in addition to specially designating route No. 1, on which route defendant was working at the time the contract was signed, added the provi-

sion "or any other route which may be assigned to me during my employment."

We are of the opinion that the words "route" and "territory" as used in said contract and the petition, are not confined to the persons to whom de- █ fendant delivered milk for plaintiff, but have reference to and include all persons living along the line of the route; that is, along the streets or parts of streets on which milk was delivered by defendant and which were known to both parties as covered by said routes No. 1 and No. 2.

We are also of the opinion that the language of the contract covered route No. 2, as well as route No. 1, as the undisputed evidence is to the effect that defendant had been assigned to said route No. 2 in 1934, and had been working that route for about two years at the time he ceased working for plaintiff and when this action was commenced, and that both parties knew and clearly understood all that time the line of said routes No. 1 and No. 2, and the particular streets and parts of streets covered by said routes.

Third, defendant claims that plaintiff wrongfully discharged defendant, and that therefore plaintiff is not entitled to the enforcement of the contract and the relief asked for.

The undisputed evidence before us shows that although plaintiff knew that said proposed purchaser did not want said route No. 2 if defendant would not operate it, defendant merely notified said proposed purchaser that he would not work for him and immediately began soliciting milk customers along said route No. 2 without notifying plaintiff of his refusal to work for said proposed purchaser, and giving plaintiff an opportunity to have defendant continue to operate said route No. 2, or some other route for plaintiff.

Under the evidence before us, we are clearly of the opinion that defendant was not wrongfully discharged and that plaintiff did nothing to violate the █ provisions of the contract on his part to be performed. We accordingly find no merit in this contention, and hold that plaintiff is entitled to the relief prayed for, for the period provided for in the contract, being one year from the time defendant left his employ.

Counsel for the defendant admitted in open court that if the rights of the plaintiff were such as we have hereinabove found them to be, the defendant is guilty of a contempt of court for a violation of the order made by the Common Pleas Court. The evidence in the record as to the extent of such violation is meager and we assume that the plaintiff is primarily more interested in the establishment of his right for the future than the extent of the punishment. We also assume that the defendant will respect and obey the orders of this court. We accordingly order that defendant pay a fine in the sum of $10 and the costs of this action in both courts.

The order of the court is to cover routes No. 1 and No. 2, upon which the defendant worked while in the employment of the plaintiff.

An entry may be drawn in accordance with this opinion.

STEVENS and WASHBURN, JJ, concur in judgment.